UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BELINDA PELLEGRIN                                  CIVIL ACTION

Versus                                             NO. 10-4521

WINN DIXIE MONTGOMERY, LLC                         SECTION: "F"

ORDER AND REASONS

Before the Court is defendant's motion for summary judgment. For the reasons that follow, the defendant's motion is DENIED.

**Background**

Plaintiff Bellinda Pellegrin was shopping at a Winn-Dixie store in Marrero, Louisiana in late January 2010. As she walked up one of the aisles, she slipped on a puddle of clear liquid on the floor of the supermarket. Plaintiff fell and allegedly sustained severe injuries to her back. Plaintiff cannot determine exactly what the clear liquid was, but thinks it was either water coming from a plastic flower bucket, or vodka, spilled from a nearby broken bottle. She seeks $2,500,000 in damages.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if

1

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See <u>Matsushita Elec. Indus. Co. v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

    The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See <u>id</u>.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  <u>Id</u>. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  <u>Id</u>.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

II.

Having considered the record, the Court finds that there are genuine issues of material fact in this case, which make summary relief inappropriate.

To prevail on her negligence claim against Winn-Dixie, plaintiff must show that Winn-Dixie had actual or constructive knowledge of the puddle of clear liquid on the floor of the supermarket.  LSA-R.S. Section 9:2800.6.  Constructive knowledge can be established where "the [puddle] existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."  Id.

Plaintiff says that a genuine issue of material fact exists as to whether the puddle was present for a significant amount of time, and whether Winn-Dixie employees should have noticed it had they used reasonable care.  See White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084 (La. 1997) (the length of time determination and whether the merchant, exercising reasonable care, should have noticed the hazard is a question of fact).

Plaintiff points to testimony from Lee Geske, the store manager, who claims to have seen dirty footprint marks around the puddle.  Plaintiff also relies on the testimony of another witness, Linda Guillot, who says that she saw dirty shopping cart wheel marks going through the puddle, and branching out in different directions.  And there is Lee Geske's statement that

3

the department that plaintiff slipped in did not have anyone on duty for the two and a half hours preceding the accident.

Accordingly, IT IS ORDERED: That the defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, October 5, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE